# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALFRED LEE RILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-18-885-BMJ |
| ANDREW M. SAUL, Commissioner of Social Security Administration,[1] | ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alfred Lee Riley, seeks judicial review of the Social Security Administration's denial of his applications for disability insurance benefits (DIB) and supplemental security income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR), [Doc. No. 17], and both parties have briefed their positions.[2] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I.     Procedural Background

On October 3, 2017, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff is not disabled and, therefore, not entitled to DIB or SSI. AR 12-20. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-6. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of Social Security and he is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs reference the Court's CM/ECF pagination.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. §§ 404.1520, 416.920. Following this process, the ALJ first determined that Plaintiff met the insured status requirements for DIB through June 30, 2017 and has not engaged in substantial gainful activity since May 2, 2016, his alleged onset date. AR 14.

At step two, the ALJ determined that Plaintiff suffers from liver disease, other unspecified arthropathies, an affective disorder, and hepatitis C., but, at step three, his impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 14-17.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that he can perform medium work, except he can only occasionally use his left upper extremity to reach overhead, and is "limited to simple, routine, and repetitive tasks[] with occasional interaction with co-workers, supervisors, and the public." *Id.* at 16. Then, at step four, the ALJ determined Plaintiff could not perform his past relevant work. *Id.* at 18. Finally, the ALJ found, at step five, that Plaintiff can perform work existing in significant numbers in the national economy. *Id.* at 19. Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id.* at 20.

## III. Claims Presented for Judicial Review

Although presented as two separate claims, Plaintiff's overriding argument is that the ALJ failed to properly evaluate the medical evidence because she failed to discuss some evidence, relied selectively on other evidence, and did not properly weigh the medical opinions. *See* Pl.'s Br. at 6-

2

15. For brevity, the Court reverses on grounds that the ALJ failed to properly weigh the State agency opinions and does not reach the merits on Plaintiff's remaining arguments.[3]

IV. **Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009); *see also Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (holding that the court only reviews an ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and in that review, "we neither reweigh the evidence nor substitute our judgment for that of the agency" (citations and internal quotation marks omitted)).

V. **Analysis**

   A. **Grounds for Reversal – the ALJ's Failure to Discuss or Weigh the State Agency Opinions**

Plaintiff contends the ALJ ignored the State agency opinions that Plaintiff is "'mentally capable of understanding and carrying out instructions and assignments *in a structured setting*, in an appropriate time frame.'" Pl.'s Br. at 7 (emphasis in original; *citing* AR 66-67, 91). The Court agrees. In fact, not only did the ALJ not address this specific finding, but she makes no mention of the State agency opinions, either by direct reference or reference to the relevant exhibits.[4] AR 12-20. Presumably, the ALJ ignored this evidence because it pre-dated Plaintiff's alleged onset date. *See id.* at 17 (stating "[r]egarding the documentary medical evidence, the undersigned notes

---

[3] *But see infra* at 5.

[4] The State agency opinions are found at Exhibits 3A-4A. AR 61-78.

much of the record addresses the period prior to the claimant's alleged onset date"). Regardless of her reasoning, it constitutes reversible error.

Even though they were from non-examining psychologists, the ALJ was required to properly consider the State agency opinions. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also* Social Security Ruling 96-6p, 1996 WL 374180, *2 (1996) (explaining that ALJs and the Appeals Council "are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions"). This is true even if the State agency opinions pre-dated Plaintiff's alleged onset date. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1223 n.15 (10th Cir. 2004) ("While these medical reports date from an earlier adjudicated period, they are nonetheless part of [the plaintiff's] case record, and should have been considered by the ALJ."); *see also Stanigar v. Colvin*, No. 13-CV-01613-WYD, 2015 WL 708609, at *3 (D. Colo. Feb. 17, 2015) (holding "the ALJ erred in failing to consider [p]laintiff's history before the alleged onset date as reflected in the medical records" and noting that an ALJ must discuss all the significantly probative evidence and "[t]his includes medical evidence before the alleged onset date").

This was particularly important here, as the vocational expert (VE) testified that "structured setting" could "include work that would be more supported employment with accommodations to support, to structure the employment and with special supervision." AR 55. The Court cannot know if Plaintiff requires this higher level of support, or, if he does, whether it would preclude him from performing the jobs the VE identified, because the ALJ did not discuss the opinions or her decision not to include the limitation in the RFC. Accordingly, the Court reverses the Commissioner's decision. *See Harrold v. Berryhill*, 714 F. App'x 861, 867 (10th Cir. 2017) (reversing in part because the ALJ did not "address or explain" his reasoning for disregarding the

4

agency psychologists' inclusion of the term "in a structured setting" when discussing plaintiff's ability to understand and carry out tasks).

   B.   **Plaintiff's Remaining Arguments**

The Court declines to reach the merits of Plaintiff's additional arguments.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (finding the court need not reach the merits of claims that "may be affected by the ALJ's treatment of the case on remand").  Nevertheless, the Court does express some concern regarding the ALJ's:  (1) failure to discuss any evidence pre-dating October 2015, (2) failure to discuss the State agency opinions that Plaintiff could persist with tasks for "6-8 hours," and (3) the rejection of Dr. Gabriel Cuka, M.D.'s opinion without a more thorough discussion.  On remand, the Commissioner is encouraged to reexamine these points.

**VI.   Conclusion**

For the reasons set forth, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 24th day of June, 2019.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE